**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-31416
_____


WANDA ANN FONTENOT; ET AL

Plaintiffs

RYAN J. FONTENOT, JR;

Plaintiff - Appellee

and

PATTERSON SERVICES, INC., doing business as INTERNATIONAL HAMMERS

Intervenor Plaintiff - Appellee


VERSUS


PENNZOIL OIL CO.; ET AL

Defendants

and

COASTAL WIRE ROPE & SUPPLY, INC.

Intervenor Defendant - Appellant


_____

Appeal from the United States District Court
For the Western District of Louisiana
98-CV-932
December 11, 2002
_____


Before JOLLY and DUHÉ, Circuit Judges, and LITTLE,[*] District Judge.

PER CURIAM:[**]

---

[*] Senior U.S. District Judge, Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Coastal Wire Rope & Supply, Inc. ("Coastal") appeals the judgment by the district court in this product liability suit brought under the admiralty jurisdiction of the federal courts. Coastal is the remaining defendant in a suit arising from an accident on an offshore oil rig in which it was alleged that wire slings Coastal had manufactured failed, causing serious injury to Ryan J. Fontenot. The district court, after a complex bench trial, made its factual and legal conclusions, apportioning liability among three defendants, but not Fontenot's employer, with whom Fontenot had settled in a so-called Mary Carter agreement. Coastal alleges numerous errors of fact and law. After careful consideration of the briefs and arguments made in this appeal, we conclude that the district court committed no error and accordingly affirm its judgment essentially for the reasons given in its careful and comprehensive opinion.

## I.

There is a "well-established standard of review applicable to bench trials, examining questions of law de novo, and reviewing findings of fact for clear error." Dunbar Medical Systems, Inc. v. Gammex Inc., 216 F.3d 441, 448 (5th Cir. 2000) (citing Gebreyesus v. F.C. Schaffer & Assoc's, Inc., 204 F.3d 639, 642 (5th Cir. 2000).

## II.

After examining the evidence, if the reviewing court is left with the "definite and firm conviction that a mistake has been

2

committed, clear error exists and it is our duty to correct this mistake." In re Luhr Bros., 157 F.3d 333, 338-339 (5th Cir. 1998); United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). The district court made two determinative factual findings. It concluded that Coastal manufactured the slings, and that the slings failed below the weight at which they could be expected to fail. Coastal argues that these conclusions were clearly erroneous, and that the district court abused its discretion in admitting and crediting certain expert testimony. We find that the testimony of Dr. Don Pellow on the matter of the chemical analysis of the wire rope was properly admitted and that there was no abuse of the district court's very wide discretion over matters of expert testimony. General Electric Co. v. Joiner, 522 U.S. 136, 142 (1997); Mathis v. Exxon, 302 F.3d 448, 459 (5th Cir. 2002). Taken with the additional documentary evidence and testimony, we are convinced that the district court's finding that Coastal manufactured the slings, and that they failed prematurely, was not clear error.

The district court also correctly concluded that this case was governed by federal admiralty law rather than state tort law. The activities undertaken on the rig satisfied the two-part locality and connection test set forth in Grubart v. Great Lakes Dredge & Dock Co., 513 U.S. 527 (1995). The location prong was uncontested, and we find that the connection prong is satisfied, because the "general character of the activity giving rise to the incident

3

shows a substantial relationship to traditional maritime activity". Id. at 539. This personal injury sustained by a worker on an oil rig is sufficiently connected to traditional maritime activity to support federal admiralty tort jurisdiction under Grubart. See Coats v. Penrod Drilling Corp., 61 F.3d 1113 (5th Cir. 1995).

Applying federal admiralty law, the district court determined that employee recovery is not to be diminished by the fault of the employer. Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256 (1979). The court found that the greatest percentage of fault, 60%, was with Coastal. Two of the remaining parties were each assessed 20% of the fault. The court properly concluded that, under Edmonds, reduction of Coastal's fault by that of International Hammer would be improper. The district court's factual and legal conclusions were correct.

## III.

For the foregoing reasons, and based largely on the thorough opinion of the district court, the judgment is

AFFIRMED.